EDGAR SCHERMERHORN, Appellant, *v.* THE HUDSON RIVER
RAILROAD COMPANY, Respondents.

By the charter of the Hudson River Railroad company, the corporation are
relieved from any obligation to maintain fences, where their railroad is
constructed in the river, and this exemption is not changed or removed
by the provisions of the general railroad act of 1848.

The different channels or creeks separating and flowing around intervening
islands in the stream, though, in local usage, receiving different names,
are a part of "the river," not less than the main channel itself.

WOODRUFF, J.   This appeal is from a judgment of the
Supreme Court in General Term, in the third district, revers-
ing a judgment for the plaintiff, rendered by a justice of the
peace, and affirmed by the County Court.   The action was
prosecuted before the justice for damages for the killing of
the plaintiff's cattle by the defendants' negligence.   The
alleged negligence consisted in not maintaining fences along
the defendants' road where it passes between Schodack
island and the main land.   The island is near the easterly
shore of the Hudson river; the water on the easterly side of
the island is called Schodack creek, and is the water separat-
ing the island from the main shore.   The defendants' road
passes through and in this water, where it is of a width of
300 to 500 feet, and in depth from two to ten feet, varying
with the tide.   The evidence tended to show that the plaint-
iff's cattle, in June, 1853, were at pasture on Schodack
island, and from there forded or swam the intermediate
water to the railroad track, and were injured.

The plaintiff had judgment before the justice, which was
affirmed by the County Court.   On appeal, the Supreme
Court in the third district reversed the judgment, and the
plaintiff appealed to this court.

No opinion was pronounced in the Supreme Court, and
the grounds of reversal are not stated to us.   There were
numerous exceptions taken on the trial, but I do not deem
it necessary to examine more than one question, and on that

I think the reversal was right, and the judgment of the Supreme Court should be affirmed.

The charter of the company (Laws of 1846, p. 282, § 24) relieves the defendants from any obligation to maintain fences " where their railroad is constructed in the river," and yet their omission to fence their road in the water opposite Schodack island is the sole neglect of duty imputed to them.

The general railroad act (Laws of 1848, p. 236, § 42), requiring corporations formed under the act to erect and maintain fences on the sides of their road * * * with openings and gates therein, and farm crossings of the road for the use of proprietors of *lands* adjoining such railroad, which, by section forty-six, is applied to existing railroads " so far as applicable to their present conditions, and not inconsistent with their charters," does not, I think, alter the charter of the defendants, so as to require them to fence their road where it is constructed in the river.

Within the fair meaning of the charter, the water through which the road was constructed at the place of the accident, was the river, and the exemption from the duty to fence the road was applicable.

There are in the river, in the vicinity of the place of the accident, several islands breaking up the waters of the river into many channels or strips of greater or less depth. The waters are thereby spread to a greater width, but these waters are, nevertheless, the waters of the Hudson river flowing downward in their course to the sea. It is not the main channel alone which constitutes the river ; the water of the river surrounds the islands, and, for convenience, the different channels may have received different names, but they are the river still. Indeed, the term " creek " itself properly imports a recess, cove, bay or inlet in the shore of a river, and not a separate or independent stream, though sometimes used in the latter meaning. Here, the waters so designated do, I think, plainly constitute a part of the river itself, as Schodack island and the several other islands in the vicinity are islands in the Hudson, and a strip of water

dividing the islands, or separating an island in the river from the main land, and the spreading waters at the mouth of streams flowing into the Hudson river, are "the river," within the meaning of the charter, as they are plainly within its spirit and intent.

On this ground, I think the defendants were not liable, and that the judgment of the Supreme Court, reversing the judgment of the justice, should be affirmed.

Judgment affirmed.